

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 12, 2013

**Via Email**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

### Re: United States v. Anthony Chiasson, S2 12 Cr. 121 (RJS)

Dear Judge Sullivan:

    The Government respectfully submits this letter to address the amount of forfeiture the Court should impose on defendant Anthony Chiasson. At Chiasson's sentencing on May 13, 2013, the Court deferred calculation of the forfeiture amount for 30 days, and held that any forfeiture number would not exceed $2 million. For the reasons set forth below, the Government respectfully submits that Chiasson's forfeiture amount should be $2 million.

    Level Global charged investors a 2 % management fee of all of the assets under management ("AUM") and 20 percent of any profits made on trading activity. Chiasson has asserted that Level Global took no profits in 2008 because the fund as a whole lost money, and took only a 13% incentive fee in 2009 because of the prior year's poor performance. According to Chiasson, therefore, the only profitable illegal trade with respect to which Level Global retained any incentive fee was the NVIDIA trade in May 2009. Chiasson calculated the incentive fee withheld by Level Global on the May 2009 NVIDIA trade to be $1,180,498. *See* Corrected Exhibit 3 to Gregory Morvillo's May 4, 2013 Letter.[1] The Government accepts Chiasson's calculation of the incentive fee for purposes of determining the appropriate forfeiture amount.

    In addition to the incentive fee portion of the forfeiture amount, Chiasson should be required to forfeit the management fees retained on the profits from the illegal trades, since the

---

[1] Because any trades based on the NVIDIA inside information in May 2009 were either directed by Chiasson or by his co-conspirators (David Ganek or the trader Michael Alessi), the entirety of Level Global's incentive fee on the May 2009 NVIDIA trade should be forfeitable. *See* Government's sentencing Memorandum at 11-13, 22-23.

The Honorable Richard J. Sullivan
June 12, 2013
Page 2

profits became part of Level Global's AUM after they were made. At sentencing, the Government proposed the simple calculation of taking 2 percent of the entire illegal profits (after they were reduced based on the 24-hour rule) for a one-year period. Chiasson objected on the ground that there might have been withdrawals from the fund at the end of 2008, or in 2009, which would have reduced the portion of the management fees retained by Level Global for the quarters following the withdrawals. The attached chart lists Level Global's AUM by quarter for the years 2008 through mid-2010.[2] It assesses the management fees on the illegal trades by quarter, reducing each quarterly amount by the same percentage as the reduction in Level Global's AUM each quarter, and reducing each quarterly amount by the actual management fees charged in the prior quarter based on the illegal trades (*i.e.*, assuming the management fees are withdrawn by the fund each quarter). Based on that calculation, the total management fees charged on the illegal profits for each of the three trades between the time of the trade and mid-2010 is $1,328,700. Adding this management fee and the inventive fee on the NVIDIA trade set forth above (the $1,180,498), the combined fees exceed $2 million. Accordingly, in light of the Court's ruling that the forfeiture amount should not exceed $2 million, the Government respectfully submits that the appropriate forfeiture amount is $2 million.[3]

                                                     Respectfully submitted,

                                                     PREET BHARARA
                                                     United States Attorney
                                                     Southern District of New York

By: _/s/ Antonia Apps_
Antonia M. Apps
Richard C. Tarlowe
John T. Zach
Assistant United States Attorneys
(212) 637-2198/2330/2410

---

[2] Neither Level Global nor Chiasson have provided specific information as to withdrawals and/or deposits by different investors, although Chiasson did provide the Government with the AUM information on the attached chart. Given that the AUM information is the best available information as to the amounts of withdrawals, the AUM is the appropriate basis for determining the defendant's forfeiture amount. *See United States v. Treacy*, 639 F.3d 32, 47-48 (2d Cir. 2011) (stating that the district court's forfeiture calculations may be based on "reasonable estimate" in light of "available information").

[3] Alternatively, if the Court were to take the management fees charged on the illegal profits for a one year period – that is, for four quarters immediately following each of the illegal trades – the total management fees forfeitable would be $747,447 (*i.e.*, $95,488 for May 2008 Dell; $470,704 for August 2008 Dell; and $180,255 for May 2009 NVIDIA). Adopting this methodology, the total forfeiture amount including both the management fees and the incentive fee based on the May 2009 NVIDIA trade would be $1,926,945.

The Honorable Richard J. Sullivan
June 12, 2013
Page 3

cc:   Reid H. Weingarten, Esq.
      Gregory Morvillo, Esq.
      Mark Pomerantz, Esq.