UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ANTHONY CHIASSON

Defendant.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-28-13
```

No. 12 Cr. 121 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

At Defendant's sentencing on May 13, 2013, the Court deferred setting a forfeiture amount for a period of thirty days in order to permit the parties to file supplemental letter briefs regarding the appropriate method for calculating forfeiture. (Tr. of May 13, 2013 Sentencing ("Tr.") at 38:9-10.) The Court is now in receipt of those submissions. (Doc. Nos. 278, 279.) For the reasons set forth below, the Court imposes forfeiture of $1,382,217.

The Court may order forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to [the] violation." 18 U.S.C. § 981(a)(1)(C). In insider trading cases, the definition of proceeds is "'the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or service.'" *United States v. Contorinis*, 692 F.3d 136, 145 (2d Cir. 2012) (quoting 18 U.S.C. § 981(a)(2)(B)). A defendant must also forfeit any proceeds distributed to coconspirators. *Id.* at 147.

Here, Defendant's proceeds consist of any incentive fees and management fees that he received from the transactions underlying his counts of conviction. Defendant's incentive fees are not in dispute; the parties agree that Defendant received incentive fees only in connection

with the Nvidia trade in May 2009 and that those fees total $1,180,498.[1] With respect to the management fees, the Court finds, as an initial matter, that fees collected by David Ganek, Defendant's former partner in Level Global and an unindicted co-conspirator in this action, should be factored into Defendant's forfeiture amount. Thus, the sole remaining issue in dispute is whether the forfeiture amount should include the management fees Defendant and Ganek collected (a) only in the quarter following the transactions at issue or (b) for at least the year following those transactions. The former methodology would add $201,719 to Defendant's forfeiture; the latter, $819,502.[2]

Clearly, as the Court noted at sentencing, Defendant's methodology would likely undercount his proceeds by adopting the dubious assumption that all illegal profits were withdrawn from Level Global after only one quarter under management. (Tr. at 35:5-7.) At the same time, the government's assumption that all illegal profits were under management for at least one year is equally doubtful – for example, it fails to account for investor redemptions – and poses the opposite risk of exaggerating Defendant's proceeds. Ultimately, this uncertainty must be resolved in Defendant's favor because the burden of proving facts supporting forfeiture rests with the government. *See United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir. 2004). Thus, in the absence of any calculation of management fees more certain than that offered by Defendant, the Court finds that Defendant collected at least $201,719 in management fees from his illegal transactions, for total illegal proceeds of $1,382,217. Accordingly, IT IS HEREBY ORDERED THAT Defendant shall forfeit $1,382,217 to the government.

---

[1] The other three transactions underlying Defendant's substantive counts of conviction occurred in 2008, when Defendant received no incentive fees as a result of Level Global's overall annual loss. (Tr. at 20:11-15, 21:19-21.)

[2] In fact, the government calculates that Defendant received $1,328,700 in management fees, based on taking two percent of all illegal profits for a one-year period. Adding that figure to the incentive fees from the Nvidia trade would yield a total forfeiture amount of $2,509,198. However, at sentencing, due to the government's failure to provide sufficient data from which to calculate the illegal proceeds, and in order to give Defendant adequate opportunity to arrange his financial affairs, the Court advised Defendant that the forfeiture amount would not exceed $2 million. (Tr. at 61:1-2.) Accordingly, the maximum additional forfeiture the Court will impose on top of the Nvidia proceeds is $819,502 – the difference between $2 million and the $1,180,498 in incentive fee proceeds.

This Order also provides the Court an opportunity to revisit the $5 million fine it imposed on Defendant. Specifically, the Court believes that, in light of the Second Circuit's decision in *United States v. Pfaff*, 619 F.3d 172 (2d Cir. 2010), its imposition of a $5 million fine was erroneous. In *Pfaff*, the Second Circuit held that unless a jury makes specific findings as to the pecuniary gain or loss caused by a defendant's conduct, the maximum fine a court may impose under 18 U.S.C. § 3571(b) is $250,000 per count of conviction. *Pfaff*, 619 F.3d at 174-75. In this case, because the jury made no such findings, Defendant's five counts of conviction justified a fine no greater than $1,250,000. Moreover, even though neither Defendant nor the government objected to Probation's calculation of a maximum allowable fine of $80.67 million (Tr. at 4:15-5:2) or to the Court's imposition of a $5 million fine (*id.* at 59:16-20), the Court believes that its error was plain. *See Pfaff*, 619 F.3d at 174. Accordingly, although Defendant's appeal of the Court's sentence divests the Court of jurisdiction over the fine, *see United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), the Court invites the parties to submit a joint letter by July 12, 2013 advising the Court of how they wish to proceed with respect to the fine. *Cf.* Fed. R. Crim. P. 37(a)(3) (permitting a court, if a timely motion for relief is made that the court lacks authority to grant because of a pending appeal, to "state . . . that it would grant the motion if the court of appeals remands for that purpose").

SO ORDERED.

Dated:     June 28, 2013
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE